SCANNED

THACHER PROFFITT & WOOD LLP
Two World Financial Center
New York, New York 10281
(212) 912-7400
Joseph G. Grasso
Jesse L. Snyder
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW STREAM COMMERCIAL FINANCE, LLC,

           Plaintiff,

- against -

STAR OF AMERICA, O.N. 973452, her engines, tackle, gear and appurtenances, etc., *in rem*; MAJESTIC STAR, O.N. 1100715, her engines, tackle, gear and appurtenances, etc., *in rem*; Majestic Voyages Inc., *in personam*; and Majestic Star, Inc., *in personam*,

           Defendants.

Civ. No. 08cv 3171 (AKH)
(In Admiralty)

ORDER APPOINTING
SUBSTITUTE CUSTODIAN AND
PROVIDING FOR *CUSTODIA
LEGIS* EXPENSES AFTER
ARREST

---

**ORDER APPOINTING SUBSTITUTE CUSTODIAN
AND PROVIDING FOR *CUSTODIA LEGIS* EXPENSES AFTER ARREST**

Plaintiffs having appeared and made the following recital:

1.    On March 31, 2008, the Verified Complaint herein was filed, requesting that warrants of arrest issue for the vessels STAR OF AMERICA, O.N. 973452, and MAJESTIC STAR, O.N. 1100715, and their engines, tackle, gear and appurtenances, In Rem. Collectively, the STAR OF AMERICA, O.N. 973452, and MAJESTIC STAR, O.N. 1100715 shall be referred to hereafter as the "Vessels."

2.On March 31, 2008, the Clerk of this Court issued Warrants for Maritime Arrest commanding the United States Marshal for the Southern District of New York to arrest and take into custody the Vessels until further Order of this Court.

3.It is contemplated that the United States Marshal will seize the Defendant Vessels forthwith. Custody of the Vessels by the United States Marshal requires the services of one or more keepers alone and not including charges for wharfage and the other services usually associated with safekeeping vessels similar to these Vessels.

### **Custodian for the Vessel**

4.The Vessels will be berthed in this District at Surfside Chelsea Piers Marina, Chelsea Piers, Pier 60, New York, New York. In the interest of allowing the Vessels to remain in the hands of a competent person and to save unnecessary expenses, and to permit the operation of said Vessels as revenue generating dinner cruise passenger vessels during the pendency of this action. Plaintiff wishes to have Spiros E. Kopelakis, an experienced custodian, appointed as substitute custodian of said Vessels. Spiros E. Kopelakis, the current President of Majestic Star, Inc. and Majestic Voyage, Inc., the owners of the Vessels, has agreed to assume the responsibility of safekeeping and operation of the Vessels, and has consented to act as the custodian upon Order of this Court. Mr. Kopelakis will not be paid for such services, but will be entitled to retain 15% of the gross proceeds of the Vessels' dinner party excursions while substitute custodian, if there are sufficient funds for such payment after the net costs of such excursions. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. In any case, the transfer of the Defendant Vessels to the substitute custodian for safekeeping will not be effected until the Court approves such custodianship and all such charges have been paid by the moving party.

5. Spiros E. Kopelakis, by affidavit appended to the Memorandum in Support of Ex Parte Motion for Order Appointing Substitute Custodian and Providing for *Custodia Legis* Expenses After Arrest, and made a part hereof, avers that he has adequate facilities and supervision for proper operation, maintenance and safekeeping of the Vessels, their engines, tackle, appurtenances, furnishings, etc., and will present proof of insurance to the United States Marshal sufficient to respond in damage to the defendant Vessels, her engines, tackle, appurtenances, furnishings, etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or its agents.

6. Plaintiff, in consideration of the United States Marshal's consent to the substitution of custody of the Vessels, agrees to release the United States and the Marshal from any liability and responsibility arising out of the care and custody of the Vessels, their engines, tackle, apparel, furniture, equipment and all other necessaries thereunto pertaining and belonging, from the time the United States Marshal transfers custody of said Vessels over to the substitute custodian, and Plaintiff further agrees to hold harmless and indemnify the United States and the United States Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the Vessels.

7. THEREFORE, IT IS HEREBY ORDERED that the Plaintiff and substitute custodian, in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the Vessels, their engines, tackle, appurtenances, furnishings, etc., and it is further

3

8.  ORDERED that the Plaintiff and substitute custodian shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the Unites States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody, and it is further

9.  ORDERED that Spiros E. Kopelakis be and is hereby appointed custodian of said Defendant Vessels to retain the same in his custody for possession, operation and safekeeping for the aforementioned compensation until further Order of the Court, and it is further

10. ORDERED that the United States Marshal be authorized and directed to surrender the possession and custody of the Vessels to Spiros E. Kopelakis as substitute custodian for such Vessels and upon such surrender the United States Marshal shall be discharged from his duties and responsibilities for the safekeeping of the Vessels and held harmless for any and all claims arising whatever out of said substituted possession and safekeeping of the Vessels, and it is further

11. ORDERED that all of the United States Marshal's costs be paid prior to release of the said Defendant Vessels, and it is further

12. ORDERED that the substitute custodian must receipt for the Vessels and the United States Marshal must attest to the date and time of release on a certified copy thereof, and it is further

13.    ORDERED that the substitute custodian may berth the Defendant Vessels within the Chelsea Piers Marina; may operate and navigate said vessels as paying passenger dinner cruise vessels on excursions around and about New York Harbor and its immediate environs during the pendency of this action, but the Vessels shall at all times remain within the waters of the Southern District of New York; and may transfer the Defendant Vessels within the Chelsea Piers Marina, as necessary for the safety and maintenance of the Vessels or by direction of the Harbor Master, and it is further

14.    ORDERED that the Plaintiff shall furnish all routine services and supplies to the Defendant Vessels necessary for the operation, maintenance and preservation of the Defendant Vessels, including any slip/lease/rent/wharfage fees, and that the charge for said services and supplies shall be allowed by this Court as an expense of administration incurred while the Defendant Vessels were in *custodia legis*, and it is further

15.    ORDERED that all reasonable expenses incurred by the Plaintiff for such service and supplies while the Defendant Vessels were in *custodia legis* be given priority over any and all liens and/or mortgages of the Vessels and that said expenses be satisfied first if the Defendant Vessels are condemned, sold and/or removed from Chelsea Piers Marina, and it is further

16.    ORDERED that Plaintiff's attorney will serve the owners of the Defendant Vessels with a copy of this Order.

Dated: New York, New York
       March 31, 2008

_____
UNITED STATES DISTRICT JUDGE