THACHER PROFFITT & WOOD LLP
Two World Financial Center
New York, New York 10281
(212) 912-7400
Joseph G. Grasso
Jesse L. Snyder
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW STREAM COMMERCIAL FINANCE,
LLC,

                              Plaintiff,

              - against -

STAR OF AMERICA, O.N. 973452,
her engines, tackle, gear and
appurtenances, etc., *in rem*; MAJESTIC
STAR, O.N. 1100715, her engines, tackle,
gear and appurtenances, etc., *in rem*; Majestic
Voyages, Inc., *in personam;* and Majestic Star, Inc.,
*in personam,*

                              Defendants.

Civ. No. 08 cv 3171 (AKH)
(In Admiralty)

**MEMORANDUM OF LAW IN
SUPPORT OF EX PARTE
MOTION FOR ORDER
APPOINTING SUBSTITUTE
CUSTODIAN AND PROVIDING
FOR *CUSTODIA LEGIS*
EXPENSES AFTER ARREST**

## MEMORANDUM OF LAW IN SUPPORT OF
## EX PARTE MOTION FOR ORDER APPOINTING SUBSTITUTE
## CUSTODIAN AND PROVIDING FOR *CUSTODIA LEGIS* EXPENSES AFTER ARREST

Plaintiff NEW STREAM COMMERCIAL FINANCE, LLC ("New Stream") has moved

for an Order appointing Spiros E. Kopelakis, President of Majestic Star, Inc. and Majestic

Voyages, Inc., as substitute custodian for the vessels STAR OF AMERICA, O.N. 973452, and

MAJESTIC STAR, O.N. 1100715 (collectively, the "Vessels"). This Court should grant the

motion for the reasons set out below.

On March 31, 2008, the Verified Complaint herein was filed, praying that the Vessels, their engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims and for such other proper relief.

On March 31, 2008, the Clerk of this Court issued Warrants of Arrest of the Vessels, commanding the United States Marshal, for the Southern District of New York, to arrest and take into custody the Defendant Vessels and to detain the same in his custody until further Order of this Court.

It is contemplated that the United States Marshal will seize the Vessels forthwith. Custody of the Vessels will require the services of one or more keepers.

<u>CUSTODIAN OF THE VESSEL</u>

The Vessels are berthed at or about Surfside 3 Marina Chelsea Piers, Pier 60, New York, New York. In the interests of allowing the Vessels to remain in the hands of a competent person and to save unnecessary expenses, and to permit the revenue earning operation of the Vessels during the peak Spring and Summer seasons, Plaintiff wishes to have Spiros E. Kopelakis, President of Majestic Star, Inc. and Majestic Voyages, Inc., the current owners of the Vessels, and an experienced custodian, appointed as substitute custodian of said Vessels. Mr. Kopelakis has agreed to assume the responsibility of safekeeping and operating the said Vessels as dinner cruise vessels and has consented to act as the custodian upon Order of this Court. Mr. Kopelakis will not be paid for such services, but will be entitled to retain 15% of the gross proceeds of the Vessels' dinner party excursions while substitute custodian, if there are sufficient funds for such payment after the net costs of such excursions. The United States Marshal is unable to perform

or to have performed at a comparable rate these same services. In any case, the transfer of the Defendant Vessels to the substitute custodian for safekeeping will not be effected until the Court approves such custodianship and all such charges have been paid by the moving party.

Spiros E. Kopelakis, by affidavit appended hereto as Exhibit "A", and made a part hereof, avers that he has adequate facilities and supervision for proper maintenance and safekeeping of the Vessels, their engines, tackle, appurtenances, furnishings, etc., and will present proof of insurance to the United States Marshal sufficient to respond in damage to the Defendant Vessels, their engines, tackle, appurtenances, furnishings, etc., or for damage or injury sustained by third parties due to any acts, faults, or negligence of said substitute custodian or his agents.

Plaintiff, in consideration of the United States Marshal's consent to the substitution of custody of the Vessels, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the Vessels, their gear, appurtenances, engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto pertaining and belonging, from the time the Marshal transfers custody of said Vessels over to the substitute custodian, and Plaintiff further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession, operation and safekeeping of the Vessels.

The Marshal for this District should therefore be Ordered, authorized and directed to surrender the possession and custody of the Vessels to the substitute custodian named herein, and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of the Vessels and held harmless for any and all claims arising whatsoever out of said substituted possession, operation and safekeeping of the Vessels. This Court should also

3

further Order that the Vessels be allowed to be operated by the substitute custodian as dinner cruise passenger vessels around New York Harbor and its environs, in the same manner and fashion as the Vessels were previously operated by Majestic Star, Inc. and Majestic Voyages, Inc.; as well as moved by the substitute custodian within the Chelsea Piers dockage area as required by the port master, in order to accommodate the orderly business of the Chelsea Piers marina and/or for the economical and safe keeping of the Vessels.

Plaintiff respectfully requests this Court to grant its motion.

Dated: New York, New York
March 31, 2008

THACHER PROFFITT & WOOD LLP

By: _____

Joseph G. Grasso
jgrasso@tpw.com
Jesse L. Snyder
jsnyder@tpw.com

Two World Financial Center
New York, New York 10281
(212) 912-7400

*Attorneys for Plaintiff New Stream Commercial Finance, LLC*

4

# EXHIBIT A

THACHER PROFFITT & WOOD LLP
Two World Financial Center
New York, New York 10281
(212) 912-7400
Joseph G. Grasso
Jesse L. Snyder
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW STREAM COMMERCIAL FINANCE, LLC, | |
| Plaintiff, | Civ. No. (In Admiralty) |
| - against - | |
| STAR OF AMERICA, O.N. 973452, her engines, tackle, gear and appurtenances, etc., *in rem*; MAJESTIC STAR, O.N. 1100715, her engines, tackle, gear and appurtenances, etc., *in rem*; Majestic Voyages, Inc., *in personam;* and Majestic Star, Inc., *in personam,* | **AFFIDAVIT OF SPIROS E. KOPELAKIS** |
| Defendants. | |

STATE OF NEW YORK   )
                       : ss.:
COUNTY OF NEW YORK  )

Spiros E. Kopelakis, being duly sworn, deposes and says:

1.    Affiant is President of Majestic Star, Inc. and Majestic Voyages, Inc., the respective current owners of STAR OF AMERICA, O.N. 973452, and MAJESTIC STAR, O.N. 1100715 (collectively, the "Vessels"). As President of the current owners of the Vessels, Affiant is well experienced in the maintenance, care and custodial services for boats and vessels in general, and in the maintenance, care and custodial services for the Vessels in particular.

Affiant's principal place of business is 373 Park Avenue South, 7th Floor, New York, New York 10016, with a telephone number of (212) 802-0814.

  2.  Affiant makes this Affidavit in support of the Ex Parte Motion for Order Appointing Substitute Custodian and Providing for *Custodia Legis* Expenses after Arrest of the vessels STAR OF AMERICA, O.N. 973452, and MAJESTIC STAR, O.N. 1100715.

  3.  Affiant is well familiar with the defendant Vessels, and their size, type, construction and condition, and believes that he has adequate facilities and supervision for and that he can safely keep said Vessels in place of the U.S. Marshal during the pendency of this suit and until further Order of the Court, and in this regard, Affiant states that he will perform the following services for said Vessels during his custodianship: operating the Vessels as dinner party passenger vessels in the same manner and fashion as the Vessels were operated prior to their arrest, which includes, among other things, undertaking excursions for paying passengers around New York Harbor and its immediate environs, with the Vessels to remain at all times within the waters of the Southern District of New York; transferring the Vessels within the Chelsea Piers marina; security; storage; inspection; guarding and safe-keeping of the Vessels; firewatch; periodically inspect mooring lines.

  4.  There will be no charge for said services, although Affiant will be entitled to retain 15% of the gross proceeds of any dinner cruise operations of the Vessels, if sufficient funds exist after the net costs of such operations.

  5.  Affiant has confirmed that there is in place adequate liability insurance adequate to respond in damages for losses of or injuries to the Defendant Vessels during said custody. Affiant will present the aforesaid proof of insurance to the U.S. Marshal.

6.    Further, Affiant agrees to accept substitute custodianship of the defendant

Vessels, their engines, tackle, apparel, furniture, equipment, etc., in accordance with the Order

Appointing Substitute Custodian.

7.    All costs and expenses incidental to the keeping of the Vessels will be paid by the

moving party.  The U.S. Marshall does not assume liability for any acts of the substitute

custodian or any costs incurred incidental to this Court appointed custodianship.

8.    I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the

foregoing is true and correct.

Dated: New York, New York
        March 18, 2008

                                                    _____
                                                    Spiros E. Kopelakis

_____
Notary Public

DENNIS J. DREBSKY
Notary Public, State of New York
No. 1020275
Qualified in Suffolk County
Commission Expires Oct. 31, 2009

| ACORD | CERTIFICATE OF INSURANCE | | ISSUE DATE (MM/DD/YY) 03/28/08 |
|---|---|---|---|

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|

FRENKEL & CO., INC.
350 Hudson Street, 4th Floor
New York, NY 10014

Phone No. 212-488-1858
Fax No. 212-488-0214

**COMPANIES AFFORDING COVERAGE**

| COMPANY LETTER | A | Fireman's Fund Ins. Co. / Navigators Ins. Co. |
|---|---|---|
| COMPANY LETTER | B | Northern Assurance Co. |
| COMPANY LETTER | C | Water Quality Ins. Co. |
| COMPANY LETTER | D | |
| COMPANY LETTER | E | |

**INSURED**

Majestic Voyages, Inc.
373 Park Avenue South, 7th Floor
New York, NY 10016

## COVERAGES

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| | **GENERAL LIABILITY** ☐ COMMERCIAL GENERAL LIABILITY ☐ CLAIMS MADE ☐ OCCUR. ☐ OWNER'S & CONTRACTOR'S PROT. ☐ | | | | GENERAL AGGREGATE PRODUCTS-COMP/OP AGG. PERSONAL & ADV. INJURY EACH OCCURRENCE FIRE DAMAGE (Any one Fire) MED. EXPENSE (Any one person) | $ $ $ $ $ $ |
| | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ☐ NON-OWNED AUTOS ☐ GARAGE LIABILITY | | | | COMBINED SINGLE LIMIT BODILY INJURY (Per Person)) BODILY INJURY (Per Accident) PROPERTY DAMAGE | $ $ $ $ |
| A | **EXCESS LIABILITY** ☐ UMBRELLA FORM ☒ Protection & Indemnity | OXL99020239 | 10/24/07 | 10/24/08 | EACH OCCURRENCE AGGREGATE | $9,000,000 |
| | **WORKER'S COMPENSATION AND EMPLOYERS LIABILITY** | | | | ☐ STATUTORY LIMITS EACH ACCIDENT DISEASE-POLICY LIMIT DISEASE-EACH EMPLOYEE | $ $ $ |
| B B C | **OTHER** Hull & Machinery Protection & Indemnity/Jones Act Pollution Liability | N5JH00960 N5JH00960 40-24124 | 10/24/07 10/24/07 10/24/07 | 10/24/08 10/24/08 10/24/08 | | $3,000,000 $1,000,000 $5,000,000 |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEM

"MAJESTIC STAR"
New Stream Commercial Finance, LLC. And Spiros E. Kopelakis are named additional insured

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| New Stream Commercial Finance, LLC Spiros E. Kopelakis | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE |

ACORD 25-S (7/90)  ACORD CORPORATION 1990

| ACORD | CERTIFICATE OF INSURANCE | Filed 04/04/2008 Page 10 of 10 | ISSUE DATE (MM/DD/YY) 03/28/08 |
|---|---|---|---|

**PRODUCER**

FRENKEL & CO., INC.
350 Hudson Street, 4th Floor
New York, NY 10014

Phone No. 212-488-1858
Fax No. 212-488-0214

**INSURED**

Majestic Star, Inc.
373 Park Avenue South, 7th Floor
New York, NY 10016

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**COMPANIES AFFORDING COVERAGE**

| COMPANY LETTER | A Fireman's Fund Ins. Co. / Navigators Ins. Co. |
|---|---|
| COMPANY LETTER | B Northern Assurance Co. |
| COMPANY LETTER | C Water Quality Ins. Co. |
| COMPANY LETTER | D |
| COMPANY LETTER | E |

**COVERAGES**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES.  LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| | **GENERAL LIABILITY** ☐ COMMERCIAL GENERAL LIABILITY ☐ CLAIMS MADE ☐ OCCUR. ☐ OWNER'S & CONTRACTOR'S PROT. ☐ ☐ | | | | GENERAL AGGREGATE PRODUCTS-COMP/OP AGG. PERSONAL & ADV. INJURY EACH OCCURRENCE FIRE DAMAGE (Any one Fire) MED. EXPENSE (Any one person) | $ $ $ $ $ $ |
| | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ☐ NON-OWNED AUTOS ☐ GARAGE LIABILITY | | | | COMBINED SINGLE LIMIT BODILY INJURY (Per Person)) BODILY INJURY (Per Accident) PROPERTY DAMAGE | $ $ $ $ |
| A | **EXCESS LIABILITY** ☐ UMBRELLA FORM ☒ Protection & Indemnity | OXL99020239 | 10/24/07 | 10/24/08 | EACH OCCURRENCE AGGREGATE | $4,000,000 $ |
| | **WORKER'S COMPENSATION AND EMPLOYERS LIABILITY** | | | | ☐ STATUTORY LIMITS EACH ACCIDENT DISEASE-POLICY LIMIT DISEASE-EACH EMPLOYEE | $ $ $ |
| B B C | **OTHER** Hull & Machinery Protection & Indemnity/Jones Act Pollution Liability | N5JH00960 N5JH00960 40-24124 | 10/24/07 10/24/07 10/24/07 | 10/24/08 10/24/08 10/24/08 | | $2,500,000 $1,000,000 $5,000,000 |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEM

"STAR OF AMERICA"
New Stream Commercial Finance, LLC. And Spiros E. Kopelakis are named additional insured

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| New Stream Commercial Finance, LLC Spiros E. Kopelakis | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE |

ACORD 25-S (7/90)                    ACORD CORPORATION 1990