WIGGIN & DANA LLP
450 Lexington Avenue
Suite 3800
New York, NY 10017-3914
212-490-1700

Joseph G. Grasso
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW STREAM COMMERCIAL FINANCE, LLC,<br><br>         Plaintiff,<br><br>  -against-<br><br>STAR OF AMERICA, O.N. 973452,<br>her engines, tackle, gear and appurtenances, etc.,<br>*in rem*; MAJESTIC STAR, O.N. 1100715, her<br>engines, tackle, gear an appurtenances, etc.,<br>*in rem*; Majestic Voyages, Inc., *in personam*;<br>and Majestic Star, Inc., *in personam*,<br><br>         Defendants | Civ. No. 08 CV 3171 (AKH)<br>(In Admiralty)<br><br><br><br><br><br>MEMORANDUM IN<br>SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

On April 1, 2008, Plaintiff NEW STREAM COMMERCIAL FINANCE, LLC ("Plaintiff") arrested the Vessels STAR OF AMERICA, O.N. 973452, and MAJESTIC STAR, O.N. 1100715 (collectively referred to as "Vessels"). Over a month has passed and the Vessels are still under arrest. Arrest costs continue to accrue and the Vessels require ongoing maintenance. However, no further payments have been made under the mortgages held by plaintiff. Accordingly, the Court should permit the immediate sale of the Vessels.

I. **BACKGROUND**

On March 31, 2008, Plaintiff NEW STREAM COMMERCIAL FINANCE, LLC ("Plaintiff") filed a Verified Complaint against the Vessels and their owners Majestic Star, Inc. ("Majestic Star") and Majestic Voyages, Inc. ("Majestic Voyages"), praying that the Vessels, their engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims, and for such other proper relief.

On the same day, this Court issued Warrants for Maritime Arrest of the Vessels, commanding the United States Marshal for the Southern District of New York to arrest and take into custody the Vessels and to detain the same in custody until further order to this Court. The Warrants were executed by the United States Marshal the following day. The Vessels are currently under arrest at Surfside 2 Marina, Chelsea Piers, Pier 60.

Personal Service has been effected upon Majestic Star and Majestic Voyages in accordance with Supp. Fed. R. Civ. P. C(4). In addition, notice of the arrest has also been sent to all individuals and/or entities known to Plaintiff which may have an interest in the Vessels. Said notice was sent via Federal Express and Regular U.S. Mail on April 2, 2008.

On April 2, 2008, Defendants filed an Answer to the Verified Complaint, admitting and conceding to the allegations of the Verified Complaint. No other statements of right have been filed on behalf of anyone claiming an interest in the Vessels, other than a Statement of Claim filed on behalf of the United States Small Business Administration ("SBA"), on April 22, 2008.

2

II.  **STANDARD**

The Federal Rules of Civil Procedure permit an interlocutory sale of arrested property if: (1) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (2) the expense of keeping the property is excessive or disproportionate; (3) there is an unreasonable delay in securing release of the property.  Fed. R. Civ. P. Supp. R. E(9)(b).  A party seeking an interlocutory sale "need only establish one of the four criteria under Rule E(9)(b)."[1] *Caterpillar Financial Services Corp. v. Coleman*, 2000 AMC 539 (C.D. Cal. 1999) (citing *Merchants Nat'l Bank of Mobile v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1341 (5th Cir. 1981) and *Silver Star Enterprises, Inc. v. M/V Saramacca*, 19 F.3d 1008, 1014 (5th Cir. 1994).

III.  **DISCUSSION**

In this case two of the four criteria for interlocutory sale are met.  The cost of keeping the Vessel under arrest is excessive and/or disproportionate and there has been an unreasonable delay in securing the release of the Vessels.  Accordingly, the Court should order the interlocutory sale of the Vessels.

A.  **Excessive Cost**

The cost of keeping the Vessel under arrest is excessive. The arrest costs, which include insurance, slip fees, and custodial fees amount to approximately $44,821.34 per month.  Affidavit of Steven Sanicola, at ¶ 10.  Moreover, the Vessels continue to accrue maintenance fees in the approximate amount of $9,208.67 per month.  Affidavit of

Steven Sanicola, at ¶ 11. However, the continuing accrual of arrest and maintenance costs will leave less valuable assets to satisfy the outstanding liens.

Plaintiff is asserting preferred ship mortgage liens in the principal amount of $5,213,447.98 for both Vessels. Affidavit of Steven Sanicola, at ¶ 12. Moreover, the SBA has asserted liens in the amount of $1,386,877.20. Affidavit of Steven Sanicola, at ¶ 13. Assuming the validity of these liens and the accruing maintenance costs, there will be no excess funds.

In addition to the liens, arrest costs must also be paid out of the proceeds from the sale of the Vessels. The arrest costs have priority over any liens. To date, over $54,030.01 in arrest costs have accrued. Affidavit of Steven Sanicola, at ¶ 14. Even if the Court grants Plaintiff's motion for interlocutory sale, at least another ten days in arrest costs will accrue before the Vessel can be sold and the sale approved. This means another $6,976.89 in arrest costs. Affidavit of Steven Sanicola, at ¶ 15. Thus, at a minimum, total arrest costs will be approximately $61,006.90. Under these circumstances, the costs associated with the arrest, maintenance, and keeping of the Vessel are excessive and/or disproportionate.

### B. Unreasonable Delay

As indicated above, the Vessel was arrested on April 1, 2008. Personal Service has been effected upon Majestic Star and Majestic Voyages in accordance with Supp. Fed. R. Civ. P. C(4). On April 2, 2008, Defendants filed an Answer to the Verified Complaint, admitting and conceding to the allegations of the Verified Complaint. No other statements of right have been filed on behalf of anyone claiming an interest in the

---

[1] Under Fed. R. Civ. P. Supp. R. E(9)(b)(i)(A), perishability and deterioration/decay/injury are

4

Vessels, other than the Statement of Claim filed by the SBA on April 22, 2008. The Answer does not address the return of the Vessels from arrest or provide a time frame for release of the Vessels. Affidavit of Steven Sanicola, at ¶ 16. Over the past month, neither Majestic Star nor Majestic Voyages has taken any action to secure the release of the Vessels nor has either put forth a timeframe for a release. Plaintiff has not been contacted by Majestic Star or Majestic Voyages to discuss refinancing or paying off their loans. Affidavit of Steven Sanicola, at ¶ 17. It is doubtful that either Majestic Star or Majestic Voyages will be able to come up with the funds to secure the release of the Vessels anytime soon. Affidavit of Steven Sanicola, at ¶ 18. As outlined above, every day the Vessel remains under arrest results in devaluation of the Vessel and additional custodial and maintenance costs. In light of the potential claims against the Vessel, any reduction in value and/or increase in costs could jeopardize Plaintiffs ability to recover the monies it is owed under the preferred mortgage lien. Accordingly, delay in securing the release of the Vessels should be considered unreasonable under the circumstances.

## IV. CONCLUSION

It has been over a month since the arrest of the Vessels and neither Majestic Star nor Majestic Voyages has offered to pay any claims or post a bond to secure the release of the Vessels, and it is highly unlikely that any resolution is forthcoming. Any further delay will result in additional, unnecessary and excessive arrest and maintenance costs, as well as a decrease in the value of the Vessels, which in turn,

---

considered two separate criteria. *See Caterpillar* at 539-40.

5

could result in unpaid liens. Accordingly, the Court should order the interlocutory sale of the Vessels in accordance with Rule E(9)(b), Supplemental Rules for Certain Admiralty and Maritime Claims, and Rule C.2, Local Rules of Practice for the United States District Court for the Southern District of New York, Admiralty Rules.

Plaintiff also requests that this Court, as part of its order, establish a minimum bid amount of $3,500,000 if the Vessels are sold as a pair, failing which, the Vessels will be auctioned individually without a minimum bid amount, and authorize, as a custodia legis expense, advertisement of the Vessels' sale in local/national trade publications.

DATED: New York, New York, May 6, 2008

WIGGIN & DANA LLP


/s/ JOSEPH G. GRASSO
JOSEPH G. GRASSO
450 Lexington Avenue
Suite 3800
New York, NY 10017-3914
212-490-1700

Attorneys for Plaintiff NEW STREAM COMMERCIAL FINANCE, LLC

**CERTIFICATE OF SERVICE**

      This is to certify that on this 6th day of May, 2008, a copy of the foregoing was sent by U.S. first class mail, postage prepaid, to the following parties:

Christopher Marshall Desiderio
Nixon Peabody LLP
437 Madison Avenue
New York, N.Y. 10022

Marine Builders Inc.
Winston Lee Knauss
1800 NE 114th Street
Miami, FL 33181

Winston Lee Knauss Trustee
of the Winston Lee Knauss Revocable Living Trust DTD 12/7/98
1800 NE 114th St
Miami, FL 33181

Majestic Voyages, Inc.
373 Park Ave South
7th Floor
New York, NY 10016

Associates Commercial Corporation
300 East Carpenter Freeway
17th Floor
Irving, TX 765062

Debis Financial Services, Inc.
201 Merritt 7
Suite 700
Norwalk, CT 06856

U.S. Small Business Administration
360 Rainbow Blvd South
Niagara Falls, NY 14301-1192

Grow America Fund, Inc.
51 East 42nd Street
Ste 300
New York, NY 10017

The Webb Family Trust
Jeffrey L. Webb
250 West Main Street

Suite 3000
Lexington, KY 40507

Majestic Star, Inc.
373 Park Ave South
7th Floor
New York, NY 10016

Frank L. Beier Radio, Inc.
811 South Causeway Blvd.
Jefferson, LA 70121

Webb Cruise Lines, Inc.
250 West Main Street
Suite 3000
Lexington, KY 40507

Caterpillar Financial Services Corporation
P.O. Box 340001
Nashville, TN 37203-0001

The Webb Family Trust
Marc Blum, Trustee
The Gannett Building,
2333 East Redwood St.
Baltimore, MD 20202

Donald Woodford Webb Jr.
The Webb Companies
250 West Main Street
Suite 3000
Lexington, KY 40507

Star of America, Inc.
373 Park Ave South,
7th Floor
New York, NY 10016

American Aircrafters
301 Airport Road
Picayune, MS 39466

Biltone Inc.,
14 Athens Avenue
South Amboy, New Jersey 08879

_____
Sujata Gadkar-Wilcox

2