WIGGIN & DANA LLP
450 Lexington Avenue
Suite 3800
New York, NY 10017-3914
212-490-1700
Joseph G. Grasso
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW STREAM COMMERCIAL FINANCE, LLC,<br><br>       Plaintiff,<br><br> -against-<br><br>STAR OF AMERICA, O.N. 973452, her engines, tackle, gear and appurtenances, etc., *in rem*; MAJESTIC STAR, O.N. 1100715, her engines, tackle, gear an appurtenances, etc., *in rem*; Majestic Voyages, Inc., *in personam*; and Majestic Star, Inc., *in personam*,<br><br>       Defendants | Civ. No. 08 CV 3171 (AKH)<br>(In Admiralty)<br><br><br><br><br><br>AFFIDAVIT OF STEVEN SANICOLA |

STATE OF CONNECTICUT )
           )  ss.: Ridgefield, CT May 6, 2008
COUNTY OF FAIRFIELD  )

## AFFIDAVIT OF STEVEN SANICOLA

I, STEVEN SANICOLA, being duly sworn on oath, state:

1. I am over the age of 18 years, understand the meaning and obligations of an oath, and am competent to testify in the matters set forth in this affidavit.

2. I am the Managing Director of Plaintiff NEW STREAM COMMERCIAL FINANCE, LLC. I have held that position since March 2008.

3. Unless otherwise stated, I have personal knowledge of the matters set forth herein, except as to matters based on information and belief. As to those matters, I believe them to be true and accurate as though based upon personal knowledge.

4. Attached hereto as Exhibit "A" is a true and correct copy of the Marina License and Permit for STAR OF AMERICA, O.N. 973452 and MAJESTIC STAR, O.N. 1100715 (collectively referred to as "Vessels").

5. Attached as Exhibit "B" is a true and correct copy of the Statement of Claim filed by the United States Small Business Administration ("SBA").

6. On March 31, 2008, Plaintiff NEW STREAM COMMERCIAL FINANCE, LLC ("Plaintiff") filed a Verified Complaint against the Vessels and their owners Majestic Star, Inc. ("Majestic Star") and Majestic Voyages, Inc. ("Majestic Voyages"), praying that the Vessels, their engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims, and for such other proper relief.

7. On the same day, this Court issued Warrants for Maritime Arrest of the Vessels, commanding the United States Marshal for the Southern District of New York to arrest and take into custody the Vessels and to detain the same in custody until further order to this Court. The Warrants were executed by the United States Marshal the following day. The Vessels are currently under arrest at Surfside 2 Marina, Chelsea Piers, Pier 60.

8. Personal Service has been effected upon Majestic Star and Majestic Voyages in accordance with Supp. Fed. R. Civ. P. C(4). In addition, notice of the arrest has also been sent to all individuals and/or entities known to Plaintiff which may have an interest in the Vessels. Said notice was sent via Federal Express and Regular U.S. Mail on April 2, 2008.

9.  On April 2, 2008, Defendants filed an Answer to the Verified Complaint, admitting and conceding to the allegations of the Verified Complaint. No other statements of right have been filed on behalf of anyone claiming and interest in the Vessels, other than a Statement of Claim filed by the SBA on April 22, 2008.

10. The cost of keeping the Vessel under arrest is excessive. The arrest costs, which include insurance, slip fees, and custodial fees amount to approximately $44,821.34 per month.

11. The Vessels continue to accrue maintenance fees in the approximate amount of $9,208.67 per month.

12. Plaintiff has preferred ship mortgage liens in the principal amount of $5,213,447.98 for both Vessels. No further payments have been made under the mortgages held by Plaintiff.

13. The SBA has asserted liens in the amount of $1,386,877.20. Exhibit B, at ¶ 2.

14. In addition to the liens, arrest costs must also be paid out of the proceeds from the sale of the Vessels. The arrest costs have priority over any liens. To date, over $54,030.01 in arrest costs have accrued.

15. Even if the Court grants Plaintiff's motion for interlocutory sale, at least another ten days in arrest costs will accrue before the Vessel can be sold and the sale approved. This means another $6,976.89 in arrest costs. At a minimum, total arrest costs will be approximately $61,006.90.

16. Defendants Answer to the Verified Complaint, filed on April 2, 2008, does not address the return of the Vessels from arrest or provide a time frame for release of the Vessels.

17. Over the past month, neither Majestic Star nor Majestic Voyages has taken any action to secure the release of the Vessels nor has either put forth a timeframe for a release.

Plaintiff has not been contacted by Majestic Star or Majestic Voyages to discuss refinancing or paying off their loans.

18. Upon information and belief, it is doubtful that either Majestic Star or Majestic Voyages will be able to come up with the funds to secure the release of the Vessels anytime soon.

Steven Sanicola

Subscribed and sworn to before me this 6th day of May, 2008.

Notary Public

My commission expires: March 31, 2012

Lindsay Brightman
Notary Public
State Of Connecticut
My Commission Expires March 31, 2012

Marina License and Permit
Chelsea Piers L.P. and Majestic Star, Inc.

| **Vessel Owner Information** ("Owner") | **Identification of Vessels** ("Vessels") |
|---|---|
| **1.** Majestic Star<br>   <u>Majestic Voyages, Inc.</u><br><br>Address: 373 Park Avenue South, 7th Fl.<br>         NY, NY 10016<br>Phone: (212) 802-0814<br>Fax #: (212) 779-9052<br>Email: spiros@majestic-star.com | **1.** Majestic Star, Inc.<br>Length: 120 Ft.   Beam: 34 Ft.<br>Draft: 5 1/2   Power:<br>            Engine(s):<br>            Bowthruster:<br>Document/Registration No.: 1100715<br><br>Number of Passengers: 400 + Crew<br>Certified: USCG<br>Home Port: NY |
| **2.** Star of America<br>   <u>Majestic Star, Inc.</u><br><br>Address: 373 Park Avenue South, 7th Fl.<br>         NY, NY 10016<br>Phone #: (212) 802-0814<br>Fax #:   (212) 779-9052<br>Email:   spiros@majestic-star.com | **2.** Star of America<br>Length: 130 Ft.   Beam: 24 Ft.<br>Draft: 4   Power: Jet Drive<br>            Engine(s): CAT<br>            Bowthruster:<br>Document/Registration No.: 973452<br><br>Number of Passengers: 142 + Crew<br>Certified: USCG<br>Home Port: NY |

<u>Terms of License</u>:

1.     Chelsea Piers, L.P. ("Licensor") hereby grants to the Owner a license (the "License") to utilize berths N3 and N4 on Pier 59 at The Chelsea Piers Marina described on the attached Exhibit A. Owner accepts the License and agrees to utilize its designated berthing space in accordance with the terms hereof and of the Marina Rules, attached hereto as Exhibit B. Notwithstanding the foregoing, Licensor shall allow Owner to utilize berths N3 and N4 on Pier 60 from October 1, 2006 through September 20, 2009.

2.     In consideration of the grant of the License, Owner shall pay to Licensor (i) a "Base License Fee" as follows:

       $15,000 per month ($180,000/year)    October 2006 – September 2007
       $15,750 per month ($189,000/year)    October 2007 – September 2008
       $16,537.50 per month ($198,450/year)  October 2008 – September 2009

and (ii) any other amounts payable by the Owner pursuant to Sections 4, 8 and 9 hereof ("Additional License Fees"). The Base License Fee for any month during the Term shall be due on the first day of such month, except that the Base License Fee for the first month of the Term shall be due upon execution hereof by the Owner. Additional License Fees shall be immediately due and payable in accordance with the terms hereof. All amounts due hereunder shall be payable absolutely and without offset.

3.     The Term hereof shall commence on October 1, 2006 and shall end on September 30, 2009. Licensor may terminate the License at any time by notice to Owner if (i) any Base License Fee or any Additional License Fees are not paid within 10 days after it is due. (ii)Owner, any representative of Owner, the Vessel or any user of the Vessel fails to comply with the terms and conditions hereof or of the precluded pursuant to the terms of the lease or hereafter be amended, is referred to as the ("Licensor Lease") pursuant to which Licensor leases the Piers from the Department of Transportation of the State of New York and/ or the Hudson River Park Trust and their respective successors and assigns.

Owner may amend the License Agreement to eliminate Vessel #2 Star of America by providing Licensor with at least 90 days prior written notice ("Amend Notice"). In the event Owner provides proper Amend Notice to Licensor, owner shall relinquish Licensed berth 60 N4 and the rental or base License Fee shall be reduced by 33.33% of the amount stated in Paragraph #2 of this agreement. The date that the rental or base License Fee shall be reduced shall be a date at least 90 days after delivery of the Amend Notice by Owner to Licensor.

4.     Owner acknowledges having inspected the Pier and that the berthing space designated for Owner's use during the Term is licensed hereunder "as is" and "where is" without representation or warranty whatsoever by Licensor. Licensor shall provide Licensee with a connection to potable water, and electrical service (2 - 200 amp services at 208 volts). Electric service will be submetered at Con Edison direct meter rates (SC-4) plus a 5% administrative surcharge. During the winter season, water service may be relocated to main building due to low temperatures. Water will be billed at actual cost.

The use of berthing space is at the sole risk and expense of owner, and Licensor shall have no liability to Owner for the care or protection of the Vessel (including without limitation her gear, equipment or contents) or for any loss, damage or destruction of any kind or nature to the Vessel, her gear, equipment or contents, whether caused by fire, theft, or the negligence or Licensor or otherwise. Owner acknowledges that the terms hereof are subject and subordinate in all respects to the terms of the Licensor Lease. If Owner has used berthing space at or has made other use of the Pier prior to the Term, (i) it is hereby acknowledged and agreed that this License supersedes any prior licenses, permits or other agreements covering the berthing space; and (ii) Owner agrees not to assert against Licensor any claim that Owner may have in respect of such prior use.

5.     Owner shall use the berthing space designated for the Vessel hereunder strictly in accordance with the terms hereof and of the Marina Rules. The License shall be deemed to include a license for the Owner, its employees and agents, invitees, permittees and

licensees (collectively, the "Owner Licensees") to cross the portions of the Pier and contiguous premises covered by the Licensor Lease for the purpose of having access to the Vessel, provided that Owner shall be solely responsible for any and all acts and omissions of the Owner Licensees unless such claims are caused by the gross negligence or willful misconduct of Licensor.  Owner shall indemnify and save Licensor, its partners and its and their owners, director, officer, employees and agents, the State of New York and its agencies and instrumentalities and all liability, loss damage, claim or expense (including reasonable attorneys' fees than an Indemnitee may suffer or incur arising out of, based upon or in any way related to the Vessel, the use by Owner of berthing space at the Pier or the licenses granted hereby (including without limitation any limitation any breach or default by or on behalf of Owner in complying with the terms and conditions hereof or of the Marina Rules.)  Owner shall at all times during the Term keep the Vessel in a seaworthy condition, and shall not permit the Vessel to become a fire hazard, a sinking hazard or an eyesore.  Owner shall keep the vessel properly moored at all times.  Owner shall comply and shall cause the Vessel to comply, at the sole cost and expense of Owner, with all Federal, state and local laws, rules and regulations applicable to the ownership, operation and berthing of the Vessel, including without limitation applicable regulations of the United States Coast Guard.  On or prior to the last day of the Term, Owner shall cause the Vessel to be removed from the Pier.

6.     Owner shall maintain in full force and effect at all times during the Term (I) a "named perils" or "all risks" marine hull insurance policy in an amount at least equal to the full value of the Vessel, (ii) a third party marine operator's liability insurance policy (also known as a "P & I Policy"), incorporating U.K. rules or the equivalent, for bodily injury and property damage with a combined single limited of $5,000,000, and (iii) statutory workers compensation and employer's liability coverage which specifically includes protection for any benefits payable under U.S. Longshoremen's and Harbor Worker's compensation Act or U.S. maritime liability (Jones Act), if required by applicable law, in statutory amounts, Licensor and the State of New York and its agencies and instrumentalities and the Hudson River park Conservancy shall be named as additionally insured under each such policy.  All insurance required by this Section 6 shall be issued by a reputable insurance carrier rated A-VIII or better by Best's Insurance Guide (or a comparable rating under the system of a successor rating service) and otherwise reasonably satisfactory to Licensor.  Prior to the first day of the Term, Owner shall provide to Licensor a certificate of insurance demonstrating satisfaction of the requirements of this Section 6.  Owner shall provide to Lessor a Certificate of Registration for the Vessel upon execution of this License.

7.     The Marina Rules are hereby incorporated herein by reference and shall form a part hereof.  Licensor may revise the Marina Rules from time to time in its sole discretion and any such revision shall become effective on the date specified therein, provided that (i) no revision of the Marina Rules shall become effective as to Owner in the manner specified herein for the giving of notice, and (ii) no revision of the Marina Rules shall purport to change the Base License Fees payable by Owner without the consent of Owner.


8.     Licensor agrees to dispose of Owners trash provided such trash is properly bagged and delivered by Owner's employees to Licensor's designated trash removal area on Pier 59.  The monthly charge of $200 per boat/per month shall be paid by Owner to Licensor as additional rent

for each month of the Term.  Licensor reserves the right to adjust the monthly trash fee if trash disposal rates increase or the volume of trash is, Licensors reasonable opinion, excessive.

9. Owner shall post a $10,000 security deposit with Licensor.  Owner shall pay $2,000 per month in October and December 2001 and February, April and June of 2002 to meet its Security Deposit obligation.

10. Owner will donate one full boat (Majestic Star) charter (no cost for boat, food/beverage or labor) per year for use by Chelsea Piers or a designated charity.

11. Any notice permitted or required hereunder shall be deemed given and shall be effective upon delivery with receipt acknowledged or three days after deposit, postage prepaid, in the U.S. Mail (I) if addressed to Owner, at the address specified above, or (ii) if the Licensor, to Chelsea Piers L.P), c/o Chelsea Piers Management Inc. Chelsea Piers-Pier 62 W. 23rd St.  Suite 300  New York, NY 10011, Attn: David A. Tewksbury.  This License may not be amended except in writing.  **This License shall not be assignable by Owner, nor shall Owner grant or permit any sublicense of its rights hereunder.**  Licensor may assign this License to any successor to all or a portion of Licensor's interest under the Licensor Lease.  No waiver by Licensor of any right hereunder or of the performance by Owner of NY obligation hereunder shall be effective unless in writing and no such waiver shall be effective as to any subsequent failure of performance by Owner.  This License shall be governed by and construed according to applicable Federal law and, to the extent no inconsistent therewith, the laws of the State of New York without reference to the principles thereof respecting conflicts of laws.

IN WITNESS WHEREOF, Licensor and Owner have caused their assent to the terms hereof to be manifested as of the day and year set forth below.

| LICENSOR: | LICENSEE: |
|---|---|
| Chelsea Piers Management, Inc.<br>General Partner of Chelsea Piers L.P. | 1. Majestic Voyages, Inc. |
| By:_____<br>Name:  David A. Tewksbury<br>Title:   Executive Vice President | By:_____<br>Name:<br>Title: |
| | 2. Majestic Star, Inc. |
| | By:_____<br>Name:<br>Title: |